ELECTRONICALLY FILED
October 7, 2024
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DR. CHRISTIAAN ABILDSO,

    *Plaintiff*,

v.

WEST VIRGINIA UNIVERSITY,

    *Defendant*.

Civil Action No.: 1:24-CV-94   KLEEH

## COMPLAINT

AND NOW, comes the Plaintiff, Dr. Christiaan Abildso, by and through his undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint:

### Nature of the Action

This is an action brought pursuant to the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §1983, the Age Discrimination in Employment Act of 1967 (hereinafter ADEA), as well as retaliation for exercising his rights under these various statutes. The Plaintiff, Dr. Christiaan Abildso, seeks declaratory, injunctive and compensatory relief for the discriminatory conduct, retaliation, and termination of his position by the Defendant in this matter.

### Parties

1. Plaintiff, Dr. Christiaan Abildso, is a male individual, currently forty-eight (48) years of age and resides at 233 Wagner Road, Morgantown, West Virginia 26501.

2. At all times relevant hereto, the Plaintiff was a qualified individual and otherwise possessed all qualifications necessary to perform the essential functions of his job.

3. Defendant, West Virginia University, is a state university in West Virginia that employs in excess of five hundred employees, with a facility located at 64 Medical Center Drive, Morgantown, West Virginia 26505, and the mailing address for General Counsel of West Virginia University is 105 Steward Hall, P.O. Box 6204, Morgantown, West Virginia 26506.

## Jurisdiction

4. This Court has jurisdiction over this Complaint pursuant to Section 1 of the Civil Rights Act of 1871, 42 U.S.C. §1983, and 28 U.S.C. §§1331 and 1343(a)(3) and (a)(4). Supplemental jurisdiction over the related state law claim is conferred by 28 U.S.C. §1367(a).

    A. Also, pursuant to 28 U.S.C. 1334 (3) and (4), which gives the district court's jurisdiction over actions to secure civil rights extended by the United States government.

    B. Also, pursuant to 28 U.S.C. §1367 giving the district court jurisdiction over state law claims.

5. Venue is proper in this case pursuant to 28 U.S.C. §1391(b).

## Statements of Fact

6. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

7. The Plaintiff, Dr. Christiaan Abildso, was employed by West Virginia University (hereinafter referred to as "WVU"), for approximately fifteen (15) years, and a faculty member during ten (10) of those years.

8. As an associate full professor he had an annual salary of approximately $130,000.00.

9. The Plaintiff's primary job responsibilities included research, teaching, and service.

10. As of January 1, 2023, he performed the role of Coordinator of the PhD program in the Department of Social and Behavioral Sciences.

11. According to a review of the School of Public Health's academic programs by the Provost of WVU, dated August 10, 2023, the PhD program in the Department of Social and Behavioral Sciences was recommended to, "Continue at the Current Level of Activity."

12. Regarding the Plaintiff's work performance for the Defendant, he has received multiple awards, and has always been rated excellent or good in teaching, research, and service categories by both his department chair and the School's Promotion and Tenure Review Committee.

13. On or about August 25, 2023, there was an appeal from the School of Public Health to an initial review by the Provost indicating that the department had 39 faculty and proposing a cut of 14 faculty.

14. The report also apparently indicated that they were going to cut the PhD in Occupational and Environmental Health Sciences program.

15. The Plaintiff discovered that the Senior Associate Dean of Public Health had presented the Provost with an erroneous count, which would have significantly affected the Plaintiff.

16. The Plaintiff helped organize opposition to said plan, including 27 faculty, and presented an alternate plan purposing to only cut 8 faculty, and saving the PhD in Occupational and Environmental Health Sciences program.

17. The Plaintiff's plan would have saved the same $2 million dollars as had been provided in the Dean's plan.

18.     The Plaintiff's plan was made known to senior administrators in order to promote and provoke discussion regarding said changes.

19.     On September 14, 2023, there was a public meeting held on the issue with the Plaintiff, Dr. Abildso, in attendance.

20.     On September 15, 2023, there was a meeting with the Board of Governors to vote on the reductions, and the Plaintiff spoke out during the meeting to reinforce the misstatements made in the Dean's proposal, and to promote the accuracy and efficacy of the plan presented by himself and by the other faculty.

21.     This plan was in direct conflict with not only factual assertions, but necessity and benefits to WVU offered by the Dean's plan.

22.     The Plaintiff's opposition to the plans by the administration and Dean were obviously not well received.

23.     On or about October 9, 2023, the Plaintiff was notified by Dr. Jeffrey H. Coben, Dean of the School of Public Health, that his position would be terminated as of June 30, 2024.

24.     The notice of termination stated his termination was allegedly due to a Reduction in Force.

25.     Prior to receiving his notice of termination, the Plaintiff had a spotless employment record, with no disciplinary record, and had been considered either "good" or "excellent" for all of his performance reviews during his employment with the Defendant.

26.     Also, it should be noted that the Plaintiff was in a unique position to certain other faculty, as his position was substantially supported by grant money that would have been brought into WVU, which made him a financial benefit to WVU, as opposed to certain other faculty.

27. The Plaintiff is aware of other older employees who were terminated under similar circumstances.

28. Prior to receiving his notice of termination, the Plaintiff submitted documentation of special knowledge and qualifications in accordance with criteria provided to him by the school.

29. Also, it appears from documentation that the Plaintiff received that age played a significant role in the determinations to terminate faculty from the department.

30. The Plaintiff is aware of younger employees, that are less experienced and with primary teaching appointments in one of the six (6) other School of Public Health programs that were recommended for faculty reductions, that were not terminated.

31. The Plaintiff maintains that the factors used in accordance with the Board of Governors Faculty Rule 4.7, Reduction in Force, was not in fact used properly in his case.

32. Regarding his seniority and performance reviews, it is hard to understand how or why other faculty in his school were not terminated prior to him.

33. In addition, the special knowledge and qualifications aspect of the review that was later added was done so in order to provide justifications for terminations that were purely targeted and subjective, as opposed to the more objective and consistent factors listed in the Reduction in Force.

34. In review of Plaintiff's termination letter, the criteria are different, and it appears that the special knowledge and qualifications were revised after the submissions of special qualifications and included only for purposes of excluding certain personnel.

35. The Plaintiff believes that policy language was actually changed to attempt to justify Defendant's termination of his position in contradiction to what had been prior practice.

36. The Plaintiff maintains with his overall excellent record of service for approximately fifteen (15) years, the real reason for Defendant's termination of him was his age and exercise of Constitutional rights.

37. The Plaintiff believes all of the information stated above points to the fact that the Defendant's expressed reason for terminating him is pretextual, and the actual reason for his termination is his age and exercise of Constitutional rights.

38. On or about April 6, 2024, the Plaintiff, by and through his counsel, filed a Charge for Discrimination and Retaliation with the EEOC. (Exhibit 1)

39. On or about April 30, 2024, the EEOC transferred this matter to the West Virginia Human Rights Commission for further investigation.[1]

## COUNT I: 42 U.S.C. §1983

40. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

41. The Defendant terminated the Plaintiff because of his public opposition to their economic and political decisions, in violation of his right to belief and association under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §1983.

42. The Defendant also terminated the Plaintiff because of his speech as a citizen on matters of public concern, and because of his decision to oppose certain action, in violation of his rights to free speech and to petition the government under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §1983.

---

[1] At this time it has been over 180 days since the date of filing.

43. In terminating the Plaintiff, Defendant acted under color of state law, as set forth at length above, constitutes misuse of power possessed solely by virtue of state law and made possible only because Defendant is and was clothed with the authority of state law.

44. Defendant's actions towards the Plaintiff were intentional and were undertaken with reckless disregard of his federally protected right to not have his employment conditioned on a pledge of political allegiance to a party or candidate he may not prefer to support.

45. Defendant's conduct, as set forth above, was a conscious choice to disregard the Plaintiff's constitutional rights, and deprived Plaintiff, under color of state law, of rights guaranteed by the First and Fourteenth Amendments of the U.S. Constitution, in violation of 42 U.S.C. §1983.

46. As a direct and proximate result of Defendant's intentional and reckless actions, the Plaintiff has sustained the injuries and damages, including but not limited to lost wages and benefits, as well as mental and emotional distress, loss of reputation, humiliation, and inconvenience.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## COUNT II: AGE DISCRIMINATION – ADEA

47. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

48. Plaintiff was forty-eight (48) years of age when terminated by the Defendant.

49. Plaintiff avers that there were noted differences in the way he was treated, and that younger employees were treated more favorably.

50. Plaintiff is aware of similarly situated employees that were younger and less experienced yet received renewal contracts.

51. Plaintiff is aware of other individuals over the age of forty (40) that have been similarly terminated or otherwise driven from the Defendant's employment, despite seniority and national reputation.

52. As a direct and proximate result of Defendant's actions in violation of the ADEA, Plaintiff suffered lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## COUNT III: RETALIATION – ADEA, FIRST AND FOURTEENTH AMENDMENTS

53. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

54. Plaintiff advised and discussed his rights to be free of discrimination on multiple occasions with the Defendants, which constituted protected activity under these statutes.

55. As a result, Plaintiff was harassed, humiliated, discriminated, and terminated by the Defendant in retaliation for the assertion of his rights under the First and Fourteenth Amendments, as well as the ADEA.

56. Under the ADEA, and the First and Fourteenth Amendments, a retaliatory action by an employer toward an employee for exercising their statutory rights is a violation of that statute and against public policy.

57. As a direct and proximate result of Defendant's actions in violation of the ADEA, and the First and Fourteenth Amendments, the Plaintiff suffered lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

A) Grant a permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of the ADEA, and the First and Fourteenth Amendments;

B) Grant a permanent injunction enjoining the Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from retaliating against Plaintiff because he engaged in First and Fourteenth Amendments protected activities;

C) Order Defendant to institute and implement training programs, policies, and practices and programs designed to ensure the Defendant does not retaliate and/or interfere with those who engage in statutorily protected activity and/or First and Fourteenth Amendment protected activities;

D) Order Defendant to make whole Dr. Christiaan Abildso, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate him for lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practice;

E) Order Defendant to pay Plaintiff compensatory damages to compensate for pain, suffering, emotional distress, humiliation, and loss of reputation that he has suffered as a result of Defendant's conduct, in an amount to be determined at trial;

F)        Order Defendant to pay Plaintiff the costs and expenses of this litigation, and pursuant to 42 U.S.C. §1988, a reasonable attorney's fees;

G)       Order Defendant to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment; and

H)       Award the Plaintiff such other legal and equitable relief as the Court deems appropriate and just.

                      Respectfully submitted

                      /s/ Sean A. Casey
                      Sean A. Casey (WV ID #7643)

                      **SEAN A. CASEY, ATTORNEY AT LAW**
                      The Pickering Building
                      960 Penn Avenue, Suite 1001
                      Pittsburgh, PA 15222
                      T: (412) 201-9090
                      F: (412) 281-8481
                      E: sean@caseylegal.com