```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                     CLARKSBURG
```

DR. CHRISTIAAN ABILDSO,

      Plaintiff,

v.                                            CIVIL ACTION NO. 1:24-CV-94
                                                                      (KLEEH)

WEST VIRGINIA UNIVERSITY,

      Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE AMENDED COMPLAINT [ECF NO. 19]**

Pending before the Court is Plaintiff's Motion for Leave to Amend the Amended Complaint [ECF No. 19]. For the reasons discussed below, the motion is **GRANTED**.

                **I.    RELEVANT PROCEDURAL HISTORY**

On October 7, 2024, Plaintiff Dr. Christiaan Abildso ("Plaintiff") filed suit against West Virginia University aka West Virginia University Board of Governors ("Defendant") alleging claims under 42 U.S.C. § 1983 (Count I), the Age Discrimination in Employment Act ("ADEA") (Counts II and III), and the First and Fourteenth Amendments (Count III), related to the termination of Plaintiff's employment. ECF No. 1. On December 20, 2024, Defendant filed a motion to dismiss with an accompanying memorandum. ECF Nos. 4, 5. Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff filed the first Amended Complaint on January 9, 2025. ECF No. 9. Defendant renewed its motion to dismiss

and memorandum in support on January 22, 2025. ECF Nos. 10, 11. The Renewed Motion to Dismiss is fully briefed. ECF Nos. 10-14.

On February 5, 2025, in his response to the Defendant's renewed motion to dismiss, Plaintiff requested leave to amend the amended complaint. ECF No. 12. Defendant opposed the request as procedurally deficient and the Court agreed, considering Plaintiff's request as an improper motion for leave to amend and denying the motion without prejudice on May 21, 2025. ECF Nos. 14, 16. On May 30, 2025, Plaintiff filed a proper Motion for Leave to Amend the Amended Complaint to include Dr. Jeffery H. Coben, Dr. Erik Carlton, Maryanne Reed, Dr. Clay B. Marsh, and Dr. Sarah Woodrum as Defendants ("Proposed Defendants"). ECF No. 19. Plaintiff attached a proposed Second Amended Complaint to his motion. ECF No. 19-2.[1] Defendant responded in opposition to the Motion for Leave to Amend the Amended Complaint on June 13, 2025, arguing that amendment would be futile. ECF No. 20. The proposed *Second Amended Complaint* does not include claims under the ADEA, but rather includes a claim under 42 U.S.C. § 1983 (Count I) and a claim for retaliation under the First and Fourteenth Amendments (Count II). ECF No. 19-2.

---

[1] Local Rule of Civil Procedure 15.01 requires parties seeking leave to amend a pleading to file a proposed copy of the amended pleading with the filing. LR Civ P 15.01.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 permits a plaintiff to amend a complaint "once as a matter of course" within either 21 days after serving the complaint, or "21 days after service of a responsive pleading or . . . a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The decision to grant or deny a motion to amend is within the discretion of the Court. See Scott v. Fam. Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013). Nonetheless, the Supreme Court of the United States has set forth factors for courts to consider when applying Rule 15(a)(2). See Foman v. Davis, 371 U.S. 178, 182 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). Courts should grant leave to amend unless the amendment (1) "would be prejudicial to the opposing party," (2) "there has been bad faith on the part of the moving party," or (3) "the amendment would have been futile." Johnson, 785 F.2d at 509 (citing Foman, 371 U.S. at 182).

First, prejudice to the opposing party can result when a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the

3

opposing party. Id. at 510. Often, a finding of prejudice applies when the amendment is offered "shortly before or during trial." Id. (citing Roberts v. Ariz. Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981) (citations omitted)).

The second factor is whether the party seeking to amend is doing so in bad faith. Bad faith amendments are "abusive" or "made in order to secure some ulterior tactical advantage." GSS Props., Inc. v. Kendale Shopping Ctr., Inc., 119 F.R.D. 379, 381 (M.D.N.C. Mar. 15, 1988) (citing 6 C. Wright & Miller, Federal Practice and Procedure, § 1487 (updated Apr. 2015))). In assessing this factor, the court may consider the movant's delay in seeking the amendment but delay alone "is an insufficient reason to deny the plaintiff's motion to amend." Hart v. Hanover Cnty. Sch. Bd., No. 11-1619, 495 Fed. App'x 314 (4th Cir. 2012) (citations omitted).

The third factor weighs against granting leave to amend when amending the complaint would be futile. Johnson, 785 F.2d at 509-10. Even in the absence of prejudice and bad faith, a court should still deny leave to amend when the amended complaint would not survive a motion to dismiss, Perkins v. U.S., 55 F.3d 910, 917 (4th Cir. 1995), or "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510.

### III. DISCUSSION

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff argues it would be appropriate to include the

4

proposed parties because "[a]ll of the above-mentioned individuals would have been responsible for changing and/or manipulating criteria used to justify the termination of the Plaintiff." ECF No. 19.

In contrast, Defendant argues that any amendment would be futile and could not survive a motion to dismiss because Plaintiff does not have standing, he has not alleged sufficiently specific facts, and that both the Defendant and the Proposed Defendants would be entitled to sovereign immunity. ECF No. 20. Defendant further argues that leave to amend would be unduly prejudicial because this would be a third version of Plaintiff's complaint and Defendant has already moved twice to dismiss Plaintiff's prior claims. Id. at p. 14. Defendant notes that trial preparations and discovery have not yet begun. Id.

While Plaintiff did not file a reply brief in support of his Motion, his opposition briefing to Defendant's Motions to Dismiss address Defendant's futility arguments. See ECF No. 13. There, Plaintiff argues that the newly Proposed Defendants are individually liable and would not be entitled to sovereign immunity under § 1983 for their alleged actions related to his termination. Id. at pp. 4-5. He further states that his claims against the West Virginia University aka West Virginia University Board of Governors, in the second amended complaint, would only be for injunctive relief — namely reinstatement as an Associate

5

Professor. Id. at p. 6. Additionally, Plaintiff acknowledges that Defendant has not waived its sovereign immunity in ADEA cases; thus, the proposed *Second Amended Complaint* does not raise claims of retaliation and discrimination under the ADEA. Id. at p. 7; ECF No. 19-2. Rather, the proposed *Second Amended Complaint* alleges retaliation from the exercise of his First and Fourteenth Amendment rights. ECF No. 19-2 at ¶¶ 61-65.

Here, the Court finds Plaintiff's motion for leave to be properly made and that the amendment would not be prejudicial to the opposing party nor futile. Plaintiff's amendment neither delays this action nor is it unduly prejudicial. After considering the parties' positions, the Court finds that justice requires the Court to permit Plaintiff to amend the complaint and assert claims against the Proposed Defendants. The Court finds good cause to, and hereby does, **GRANT** the motion for leave to amend the amended complaint [ECF No. 19].

### IV.   CONCLUSION

For the reasons stated herein, *Plaintiff's Motion for Leave to Amend the Amended Complaint* [ECF No. 19] is **GRANTED**. The Clerk is **DIRECTED** to **EXTRACT** and **SEPARATELY FILE** the proposed *Second Amended Complaint* as the operative complaint. Given the Court's ruling on the subject Motion [ECF No. 19], the pending motion to dismiss is **DENIED AS MOOT** [ECF No. 10]. Defendants may move to dismiss the Second Amended Complaint.

6

It is so **ORDERED**.

The Clerk is directed to transmit copies of this order to counsel of record.

DATED: July 7, 2025

*[signature: Tom S Kleeh]*
_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA